IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| DEUTSCHE BANK TRUST COMPANY AMERICAS, in its capacity as successor indenture trustee for certain series of Senior Notes, et al. | : : : : : | CASE NO. 1:11-cv-358 <br><br> Judge Sandra S. Beckwith <br><br> Magistrate Judge Stephanie K. Bowman |
| Plaintiffs, | : : | |
| vs. | : : | **DEFENDANT BERNARD RABINOWITZ'S MEMORANDUM** |
| AMERICAN ELECTRIC POWER DEFINED BENEFIT, et al. | : : : | **IN OPPOSITION TO PLAINTIFFS' MOTION (AND AMENDED MOTION) TO STAY** |
| Defendants. | : | **DEFENDANTS' TIME AND OTHER RELIEF** |

_____

This is an action, ostensibly one of several, commenced to avoid stock transfer payments made as part of a two-phased leveraged buyout of Tribune Corporation. Defendant Bernard Rabinowitz is an individual who resides in Dayton, Ohio, whose only tangential connection with the leveraged buyout was through the tender of Tribune Corporation's stock, that he had purchased through his broker, and for which he netted a few thousand dollars after paying tax over his basis. Mr. Rabinowitz was a non-insider, non-controlling shareholder of Tribune Corporation who played no role whatsoever in orchestrating or recommending the leveraged buyout. Four years later, for unknown reasons, Mr. Rabinowitz is in the undesirable role of being a named defendant in this federal action seeking to apply Massachusetts, Illinois, and New York law over conduct in which he played no role and involved purchases that occurred through his broker's office in Dayton, Ohio.

Now, before Mr. Rabinowitz could even return his waiver of summons in this action, Plaintiffs filed the instant unorthodox motion to, among other things, prevent him from filing a motion to dismiss.  This motion, even as amended on July 22, tacitly concedes that the action was hastily filed to meet statute of limitations concerns.  The motion not only seeks to delay the filing of responsive pleadings for several months, or longer, but also to allow Plaintiffs to conduct discovery before any court examines the sufficiency of the allegations.  There is no reasonable interpretation of the Civil Rules that would force Mr. Rabinowitz to participate in the burden and expense of discovery, even if it only involves having his lawyers review discovery requests targeted to others, before having any opportunity to contest the proprietary of the action brought against him.

Just recently, in fact, the Sixth Circuit has followed the instruction of the Supreme Court in <u>Ashcroft v. Iqbal</u>, __ U.S. __, 129 S. Ct. 1937, and <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 127 S. Ct. 1995 (2007), to reject soundly the very notion that a plaintiff can conduct discovery to rescue a complaint that does not "state a claim to relief that is plausible on its face." <u>New Albany Tractor, Inc. v. Louisville Tractor, Inc.</u>, __ F.3d __, No. 10-5100, 2011 U.S. App. LEXIS 12457, at *10 (6th Cir. June 21, 2011) ("The language of <u>Iqbal</u>, 'not entitled to discovery,' is binding on the lower federal courts").  What plaintiffs propose in this motion directly runs afoul of this binding precedent.  Mr. Rabinowitz **will** file a motion to dismiss this complaint; and, plaintiffs are "'not entitled to discovery, cabined or otherwise.'"  Id. at *9 (quoting <u>Iqbal</u>, 129 S. Ct. at 1954).

Federal courts have limited the naming of selling shareholders as defendants in leveraged buyout fraudulent conveyance actions to only those who were insiders, controlling shareholders, or actual participants in alleged fraud.  <u>In re Kaiser Steel Corp.</u>, 110 B.R. 514

2

(Bankr. D. Colo.), aff'd on other grounds, 913 F.2d 846 (10th Cir. 1990); Weiboldt Stores v. Schottenstein, 94 B.R. 488, 503 (Bankr. N.D. Ill. 1988).  This only stands to reason.  Publicly traded stock can be acquired through brokers in transactions that are essentially anonymous behind a computer keyboard.  Subjecting every shareholder who tenders shares in a leveraged buyout to risk of avoidance regardless of level of participation in the alleged wrongful conduct would intolerably disrupt the marketplace.

Indeed, the Sixth Circuit has adopted the reasoning of the Tenth Circuit's opinion in Kaiser Steel, that selling shareholders are generally immune from fraudulent conveyance avoidance actions after a leveraged buyout.  QSI Holdings, Inc. v. Alford (In re QSI Holdings Inc.), 571 F.3d 545, 547 (6th Cir. 2009) (specifically adopting Kaiser reasoning, and extending from publicly traded securities to privately traded securities), cert. denied, __ U.S. __, 130 S. Ct. 1141 (2010).[1]

Accordingly, Mr. Rabinowitz has every reason to desire a prompt, efficient evaluation of this action against him with the least amount of burden and expense the Federal Civil Rules contemplate.  The instant motion to stay Defendants' time to respond should be denied in its entirety.

---

[1] Albeit these cases arise out of bankruptcy Chapter 5 fraudulent conveyances, and not under the Illinois, Massachusetts or New York statutes, but the same piercing logic should apply.

3

Respectfully submitted,


/s/ Daniel J. Donnellon
Daniel J. Donnellon, Trial Attorney (036726)
FARUKI IRELAND & COX P.L.L.
201 East Fifth Street, Suite 1420
Cincinnati, OH  45202
Telephone:  (513) 632-0300
Telecopier:  (513) 631-0319
Email:  ddonnellon@ficlaw.com

Attorneys for Bernard Rabinowitz

OF COUNSEL:

Charles J. Faruki (0010417)
FARUKI IRELAND & COX P .L.L.
500 Courthouse Plaza, S.W.
10 North Ludlow Street
Dayton, OH 45402
Telephone: (937) 227-3705
Telecopier: (937) 227-3717
Email: cfaruki@fic1aw.com

## CERTIFICATE OF SERVICE

I certify that on the 22nd day of July, 2011, I electronically filed the foregoing Defendant Bernard Rabinowitz's Memorandum in Opposition to Plaintiffs' Motion to Stay Defendants' Time and Other Relief with the Clerk of Courts using the CM/ECF system, which will send notification of such filing to CM/ECF participants.

/s/ Daniel J. Donnellon
Daniel J. Donnellon

503802.1