**EXHIBIT B**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, *et al.*, | Cases No. 08-13141 (KJC)<br>Jointly Administered |
| Debtors. | |
| THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF TRIBUNE COMPANY, *et al.*, | |
| Plaintiff,<br>v. | Adversary Proceeding No. 10-54010 (KJC) |
| DENNIS J. FITZSIMONS, *et al.*, | Ref. Nos. 8866, 8914, 8919, 8920<br>and Adv. Nos. 113, 119, 120, 121 |
| Defendants. | |

### PROTECTIVE ORDER

Upon consideration of the motion (the "Motion") of the Official Committee of Unsecured Creditors (the "Committee") of Tribune Company and its various debtor-subsidiaries for entry of a protective order relating to the subpoena issued pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure by the Aurelius Plaintiff Group[1] seeking Tribune Company shareholder information, all written responses and objections thereto, and the hearing on the Motion held on May 17, 2011, and for good cause shown, the Court hereby enters the following order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure made applicable by Rule 9014 and Rule 7026 of the Federal Rules of Bankruptcy Procedure to govern disclosure of information and documents in connection with Tribune Company shareholder information sought in connection with the above-captioned bankruptcy proceedings.

---

[1] All capitalized terms not otherwise defined herein shall have the same meaning as ascribed to them in the Motion.

1

It is hereby ORDERED that:

1. The Motion is GRANTED.

2. In connection with this Court's Order Granting (I) Relief from the Automatic Stay to the Extent the Automatic Stay Bars Commencement by Creditors of State Law Constructive Fraudulent Conveyance Claims to Recover Stock Redemption Payments Made to Step One Shareholders and Step Two Shareholders and (II) Leave from the Mediation Order to Permit Commencement of Litigation on Account of Such Claims (entered April 25, 2011) [D.I. 8740], the Committee is authorized to produce the subpoenaed information to the Aurelius Plaintiff Group and to any other party that requests such information pursuant to lawful process (each a "Requesting Party"),[2] provided that the Requesting Party executes and returns to counsel for the Committee a confidentiality agreement in the same form as that attached hereto as Exhibit A.

3. The Court shall retain jurisdiction to interpret or enforce this Order.

Dated: May 19, 2011
Wilmington, Delaware

The Honorable Kevin J. Carey
Chief United States Bankruptcy Judge

---

[2] The Committee has also received a request from counsel for the Retiree Claimants for the same information sought by the Aurelius Plaintiff Group.

# EXHIBIT A

## CONFIDENTIALITY AGREEMENT

This Confidentiality Agreement ("Agreement") is entered into as of May __, 2011 by and between Akin Gump Strauss Hauer & Feld LLP ("Akin Gump") and Friedman Kaplan Seiler & Adelman LLP ("Friedman Kaplan" and together with Akin Gump, the "Requesting Party") and Zuckerman Spaeder LLP ("Zuckerman") and Landis Rath & Cobb LLP ("Landis" and together with Zuckerman, the "Producing Party"; and the Requesting Party together with the Producing Party, the "Parties," or singly a "Party"), as co-counsel to the Official Committee of Unsecured Creditors (the "Creditors' Committee").

## WITNESSETH

WHEREAS, Landis and Zuckerman on behalf of the Creditors' Committee filed Adversary Proceeding No. 10-54010 (KJC) on November 1, 2010 (the "Adversary Proceeding") in the bankruptcy cases filed under Chapter 11 of the Bankruptcy Code by the Tribune Company and certain of its affiliates (collectively, the "Debtors") titled In re Tribune Co., et al., Case No. 08-13141 (KJC) (Jointly Administered), in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court");

WHEREAS, the Bankruptcy Court has granted parties represented by the Requesting Party leave to commence civil actions to assert certain claims under applicable state law (the "State-Law Actions");

WHEREAS, the Requesting Party served the Producing Party with a Subpoena with a request for documents dated April 29, 2011 (the "Subpoena"), in connection with the Adversary Proceeding and in anticipation of the State-Law Actions;

WHEREAS, in responding to the Subpoena, the Producing Party will provide the Requesting Party with documents, as that term is defined in the subpoena ("Documents"), including Documents that contain or constitute responsive, nonpublic information or confidential or proprietary business, technical or financial information, including nonpublic or confidential information provided by one or more persons or entities (each an "Originating Party") to the Producing Party in connection with the Adversary Proceeding ("Confidential Information");

WHEREAS, any Originating Party is a third-party beneficiary of the Agreement and has an interest in protecting the confidentiality of its Confidential Information.

WHEREAS, the Parties to this Agreement acknowledge the importance of preserving the confidentiality of the Confidential Information and Confidential Information that is designated by any Originating Party as "Highly Confidential—Attorneys' Eyes Only" (as defined below) and agree to abide by this Agreement with respect thereto;

NOW, THEREFORE, the Parties hereby agree as follows:

1. The term "Confidential Information" shall also include any notes, summaries, compilations, memoranda, minutes or similar materials disclosing or discussing Confidential Information. The Confidential Information shall be furnished or otherwise disclosed or made known to the Requesting Party and its local counsel subject to the terms and conditions of this

1

Agreement. This Agreement and the obligations of the Requesting Party shall apply to all Confidential Information regardless of whether it is provided by the Producing Party or its counsel, consultants, accountants, experts, auditors, examiners, financial advisors or other agents or professionals (collectively, "Advisors").

2. All Documents that the Producing Party produces in response to the Subpoena, including Documents identifying parties who subsequently may be named as parties in the State-Law Actions, will be used solely in connection with the State-Law Actions and related proceedings. All Confidential Information furnished, disclosed or made known to the Requesting Party or its local counsel by the Producing Party or its Advisors after execution of this Agreement, whether tangible or intangible, and in whatever medium provided, including, but not limited to, in written form, orally, or through any electronic, facsimile or computer-related communication, whether disclosed intentionally or unintentionally, and all information generated by the Requesting Party or its local counsel or any of their Advisors that contains, reflects or is derived from the Confidential Information, shall be used by the Requesting Party and its local counsel solely and exclusively in connection with the State-Law Actions and related proceedings. The Requesting Party and its local counsel and each of their Advisors shall each carry out its obligations hereunder using a reasonable degree of care. For purposes of this Agreement, the term "related proceedings" shall refer to any action or proceeding commenced in any federal or state court or foreign tribunal (including, but not limited to, any court or tribunal to which the State-Law Actions are removed, transferred, or consolidated) for purposes of preserving or recovering assets, acquiring discovery in aid of and/or obtaining, enforcing, or collecting on a judgment in connection with the State-Law Actions.

3. The Producing Party shall produce documents with the same designations as the documents produced to it by the Originating Party. Documents designated as "Highly Confidential—Attorneys' Eyes Only" contain Confidential Information that is competitively sensitive and/or proprietary to the Producing Party, the Debtors or the Originating Party, or from which competitively sensitive or proprietary information belonging to the Producing Party, the Debtors or the Originating Party could be derived. This includes, without limitation: (a) Documents containing information relating to confidential financial and/or business operations, business ventures, strategic plans, processes, designs, applications or trade secrets; and/or (b) information required to be maintained confidential by federal, state or local laws, rules, regulations or ordinances governing or relating to privacy rights, including any and all personally identifiable financial information and nonpublic personal information of customers and consumers. In addition, the Originating Party may have designated as "Confidential" those Documents that it believes in good faith constitute or contain other categories of nonpublic information that is competitive or sensitive in nature.

4. The Requesting Party and its local counsel shall not provide Documents designated "Highly Confidential—Attorneys' Eyes Only" to any person or entity other than to: (a) attorneys, clerical, paralegal and secretarial staff employed by the Requesting Party or its local counsel, who shall be bound by this Agreement; or (b) Advisors of the Requesting Party or its local counsel who agree to be bound by this Agreement by executing the attached Exhibit A.

2

5. Any Document produced by the Producing Party to the Requesting Party may be provided to Aurelius Capital Management, LP ("Aurelius"), provided that Aurelius agrees to be bound by this Agreement by executing the attached Exhibit A.

6. Notwithstanding any other provision in this Agreement: (a) parties who have been identified in Documents produced in response to the Subpoena may be publicly named as parties in the State-Law Actions or related proceedings, provided, however, that any such publicly-named party shall not in any way be publicly associated, linked, or otherwise identified as having been at any point in time related to or a customer of the Originating Party; and (b) information concerning the timing and amount of payments to such parties may be included in any pleading filed by the Requesting Party or its local counsel in connection with the State-Law Actions or related proceedings, provided that the Requesting Party or its local counsel takes the necessary steps to file any such pleading under seal or otherwise prevent the public release of such information.

7. Notwithstanding any other provision in this Agreement, nothing herein shall prevent disclosure of any information: (a) if the Requesting Party receives consent to disclose such information from either the Originating Party or the customer or client of the Originating Party; (b) that is in the public domain at the time of disclosure, was previously in the public domain, or becomes part of the public domain through no fault of the Producing Party, the Requesting Party or Originating Party; or (c) if the Requesting Party lawfully receives such information at a later date from a third party without restriction as to disclosure, provided such third party has the right to make the disclosure to the receiving party. Upon receiving consent to disclose information pursuant to subsection (a) of this paragraph 7, the Requesting Party shall promptly notify the Producing Party and the Originating Party (if consent is provided by a customer or client of the Originating Party) and identify the information that may be disclosed.

8. If the Requesting Party objects to the designation of any Documents as "Highly Confidential—Attorneys' Eyes Only" or "Confidential," or seeks a waiver of such designation, the Requesting Party will initially contact the Originating Party in an effort to resolve the dispute and, if that effort is unsuccessful, may apply to the Bankruptcy Court for relief. Upon initiating contact with the Originating Party under this paragraph 8, the Requesting Party shall promptly notify the Producing Party of such contact. Absent a written waiver or agreement from the Originating Party or an order of the Bankruptcy Court to the contrary, Documents designated "Highly Confidential—Attorneys' Eyes Only" or "Confidential" may be shown only to the Parties specified above.

9. Should access to Documents stamped "Highly Confidential—Attorneys' Eyes Only" or "Confidential" be sought from the Requesting Party or its local counsel or any Advisor retained by any of them by any person, pursuant to subpoena or other legal process under applicable law, rule, or regulation, the Requesting Party or its local counsel, as appropriate, will, unless prohibited by applicable law or regulation: (a) promptly notify counsel to the Originating Party, and the Producing Party, in writing of the requested access; (b) prior to producing any such Documents, provide the Originating Party ten (10) business days to seek a court order preventing or limiting the production of such Documents; and (c) use best efforts to enter into a confidentiality agreement with the person seeking access to such Documents that provides the Originating Party substantially the same protections as this Confidentiality Agreement.

3

10. All Confidential Information, unless otherwise specified in writing, may be used as provided herein, but shall remain the property of the Originating Party. Ninety (90) days following the closing of all State-Law Actions and related proceedings, each recipient of Confidential Information who received such Confidential Information in connection with State-Law Actions and related proceedings agrees to promptly destroy all Confidential Information, including, without limitation, all documents, reports and exhibits provided by or on behalf of the Producing Party and all working papers containing any Confidential Information or extracts therefrom. In addition, and subject to the same proviso as immediately above, each recipient agrees at that time to destroy all copies of any notes, analyses, compilations, studies or other documents that it or its Advisors prepared containing or reflecting any Confidential Information. If requested by the Producing Party or the Originating Party, after destruction each recipient of Confidential Information will deliver a certificate executed by an appropriate officer of the recipient certifying that all such materials have been destroyed.

11. In order to facilitate the requirements of paragraphs 7, 8, 9, and 10 of this Agreement, the Producing Party shall provide the Requesting Party with information sufficient to specifically identify the Originating Party of any Document or information produced to the Requesting Party in response to the Subpoena.

12. The Requesting Party acknowledges that irreparable damage would occur to the Originating Party if any of the provisions of this Agreement were not performed in accordance with their specific terms or were otherwise breached and that remedies at law for any actual or threatened breach by it of the covenants contained in this Agreement shall be inadequate and that the Originating Party will be entitled to equitable relief, including injunction and specific performance, in the event of any breach of the provisions of this Agreement, in addition to all other remedies available to the Originating Party at law or in equity. During the pendency of the State-Law Actions and related proceedings, all Parties hereto consent to the jurisdiction and venue of the Bankruptcy Court with respect to any controversy or claims arising out of or related to this Agreement or the use or disclosure or rights pertaining to Confidential Information. Upon conclusion of all State-Law Actions and related proceedings, all Parties consent to the jurisdiction and venue of the federal and state courts located in the State of Delaware with respect to any such controversy or claims. EACH PARTY HERETO HEREBY IRREVOCABLY WAIVES ANY AND ALL RIGHT TO TRIAL BY JURY IN ANY LEGAL PROCEEDING ARISING OUT OF OR RELATING TO THIS AGREEMENT.

13. The inadvertent production of privileged information by the Producing Party or the Originating Party shall not constitute a waiver of any applicable privilege and the Requesting Party and its local counsel will return to the Producing Party any such materials inadvertently produced.

14. Nothing in this Agreement serves as a waiver of any objections that an Originating Party may have in any State Law Actions or related proceedings.

Executed this ___ day of May, 2011.

AKIN GUMP STRAUSS HAUER & FELD LLP

By:_____

FRIEDMAN KAPLAN SEILER & ADELMAN LLP

By:_____

LANDIS RATH & COBB LLP

By:_____

ZUCKERMAN & SPAEDER LLP

By:_____

## EXHIBIT A

In connection with the Confidentiality Agreement (the "Agreement") dated May ___, 2011 between Akin Gump Strauss Hauer & Feld LLP ("Akin Gump") and Friedman Kaplan Seiler & Adelman LLP ("Friedman Kaplan" and together with Akin Gump, the "Requesting Party") and Zuckerman Spaeder LLP ("Zuckerman") and Landis Rath & Cobb LLP ("Landis" and together with Zuckerman, the "Producing Party"; and the Requesting Party together with the Producing Party, the "Parties," or singly a "Party"), as co-counsel to the Official Committee of Unsecured Creditors (the "Creditors' Committee"), the undersigned hereby agrees as follows (capitalized terms not defined herein shall have the meanings ascribed to those terms in the Agreement):

1. The undersigned has (i) been provided with a copy of the Agreement, (ii) read the Agreement, (iii) had an opportunity to review the Agreement with counsel, and (iv) been authorized to execute this Exhibit A to the Agreement.

2. To the extent that the Requesting Party or its local counsel provides the undersigned with documents designated "Confidential" or "Highly Confidential—Attorneys' Eyes Only" produced pursuant to the Agreement and the Subpoena, the undersigned agrees to be bound by the Agreement and that such documents shall only be used in connection with the State-Law Actions and related proceedings and shall not be provided to anyone other than as permitted under the Agreement.

3. Should access to Documents designated "Confidential" or "Highly Confidential—Attorneys' Eyes Only" be sought from the undersigned by any person, pursuant to subpoena or other legal process under applicable law, rule, or regulation, the undersigned agrees that, unless prohibited by applicable law or regulation, it will: (a) promptly notify counsel to the Originating Party, and the Producing Party, in writing of the requested access; and (b) prior to producing such Documents, provide the Originating Party with a reasonable opportunity to seek a court order preventing or limiting the production of such Documents.

4. The undersigned agrees that the inadvertent production of privileged information by the Originating Party shall not constitute a waiver of any applicable privilege and that it will return to the Originating Party any such materials inadvertently produced.

Agreed and Accepted:                            May ___, 2011


_____
(Company Name)


By:_____
    Name:
    Title: