# EXHIBIT B

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) | |
| ) | Chapter 11 |
| TRIBUNE COMPANY, *et al.*,[1] ) | Case No. 08-13141 (KJC) |
| ) | Jointly Administered |
| Debtors. ) | Re: Docket Nos. 9248, 9293, 9335 |
| ) | |

## ORDER GRANTING MOTION BY DEUTSCHE BANK TRUST COMPANY AMERICAS, IN ITS CAPACITY AS SUCCESSOR INDENTURE TRUSTEE FOR CERTAIN SERIES OF SENIOR NOTES, LAW DEBENTURE TRUST COMPANY OF NEW YORK, IN ITS CAPACITY AS SUCCESSOR INDENTURE TRUSTEE FOR CERTAIN SERIES OF SENIOR NOTES AND WILMINGTON TRUST COMPANY IN ITS CAPACITY AS SUCCESSOR INDENTURE TRUSTEE FOR THE PHONES NOTES, TO CLARIFY, SUPPLEMENT OR MODIFY THIS COURT'S ORDER ENTERED APRIL 25, 2011 (ECF 8740) AND CROSS-MOTION OF CERTAIN STATE LAW CONSTRUCTIVE FRAUDULENT CONVEYANCE DEFENDANTS IN RESPECT OF STATE LAWCONSTRUCTIVE FRAUDULENT CONVEYANCE SUITS

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WCCT Inc., f/k/a WTXX Inc. (1268). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

Upon consideration of the motion (the "Motion")[2] dated June 14, 2011 of Deutsche Bank Trust Company Americas, in its capacity as successor indenture trustee for certain series of senior notes issued by Tribune Company, Law Debenture Trust Company of New York, in its capacity as successor indenture trustee for certain series of senior notes issued by Tribune Company, and Wilmington Trust Company, in its capacity as successor indenture trustee for the PHONES notes issued by Tribune Company (collectively, the "Movants"), for entry of an order clarifying, supplementing, or modifying the Court's *Order Granting (I) Relief From the Automatic Stay to the Extent the Automatic Stay Bars Commencement By Creditors of State Law Constructive Fraudulent Conveyance Claims to Recover Stock Redemption Payments Made to Step One Shareholders and Step Two Shareholders and (II) Leave From the Mediation Order to Permit Commencement of Litigation on Account of Such Claims*, dated April 25, 2011 [Dkt. 8740] (the "SLCFC Claims Order") to confirm that neither the automatic stay of Bankruptcy Code section 362 nor the provisions of the SLCFC Claims Order prevent the Movants from (i) moving to consolidate and/or coordinate the state law constructive fraudulent conveyance actions commenced by the Movants, including, without limitation, by moving to consolidate them into one MDL proceeding pursuant to 28 U.S.C. § 1407 and (ii) in the event that any one or more SLCFC Courts or parties other than the Movants do not agree to stay the litigation of the state law constructive fraudulent conveyance actions commenced by the Movants, taking appropriate action to enforce the stay in the first instance and filing all appropriate responses in connection with any motions, pleadings, or orders filed in such actions that were not so stayed; and upon the responses to the Motion filed by certain retirees (the "Retiree Plaintiffs") of the Debtors who commenced four separate state law constructive fraudulent conveyance actions; and upon

---

[2] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Motion.

consideration of the cross-motion (the "Cross-Motion") dated June 21, 2011 of JPMorgan Securities LLC, JPMorgan Clearing Corp., JPMorgan Chase Bank, N.A., Citicorp North America, Inc., Citigroup Global Markets Inc., Merrill Lynch Capital Corporation, Merrill Lynch, Pierce, Fenner & Smith Incorporated, Merrill Lynch & Co. Inc. and their affiliates, Bank of America, N.A. and Banc of America Securities LLC, for entry of an order to clarify, supplement or modify this Court's SLCFC Claims Order to permit defendants in any litigation concerning the SLCFC Claims (hereinafter, the "SLCFC Actions") to seek to remove those suits to federal court; and it appearing that good and sufficient notice of the Motion and Cross-Motion was given and that no other or further notice is necessary; and the Court having considered the Motion and the Cross-Motion at a hearing on June 28, 2011 (the "Hearing"); and all objections having been resolved; and after due deliberation and it appearing sufficient cause exists for granting the requested relief, it is therefore

ORDERED, ADJUDGED AND DECREED that:

1. The Motion and the Cross-Motion are GRANTED to the extent set forth herein.

2. The SLCFC Claims Order is hereby supplemented to provide that (a) any plaintiff or defendant in the SLCFC Actions is authorized to move to consolidate and/or coordinate the SLCFC Actions, including, without limitation, by making a motion pursuant to 28 U.S.C. § 1407 and the applicable Rules of Procedure of the U.S. Judicial Panel on Multidistrict Litigation (the "JPML Rules"), or any applicable state rules, or to move to amend or respond to such a motion; (b) any defendant in the SLCFC Actions commenced in state court may seek to remove those actions on any applicable ground; and (c) any party opposing such removal may file a timely motion to remand and any party may respond to any such motion.

3

3. Further, in the event that any one or more courts or parties in the SLCFC Actions do not agree to stay the litigation of the SLCFC Actions, any plaintiff or defendant in the SLCFC Actions is authorized to take all appropriate actions to enforce the stay in the first instance and to file all appropriate responses in connection with any motions, pleadings or orders filed in the SLCFC Actions that were not so stayed.

4. Nothing in the Order shall prejudice or impair any claims or defenses of any defendant in any proceeding in respect of a SLCFC Claim or any objection to any plan of reorganization currently before this Court.[3]

5. This Court shall, except with respect to the prosecution of the SLCFC Claims, retain exclusive jurisdiction to hear and decide any and all disputes relating to or arising from this Order.

Dated: _____June 28_____, 2011
Wilmington, Delaware

_____
HONORABLE KEVIN J. CAREY
Chief United States Bankruptcy Judge

---

[3] For the avoidance of doubt, by this Order, this Court makes no finding and issues no ruling determining the standing of the Original Plaintiff's Group (or any creditor) to assert the Creditor SLCFC Claims or whether such claims are preempted or otherwise impacted by 11 U.S.C. §546(e).