UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

_____

DEUTSCHE BANK  TRUST COMPANY AMERICAS,
    in its capacity as successor indenture trustee for certain series of Senior Notes, *et al*.,

                       Plaintiffs,

    vs.

AMERICAN ELECTRIC POWER, *et al*.,

                     Defendants.

_____

Civil Action No. 1:11-cv-358
(Judge Beckwith)

(Magistrate Judge Bowman)

## **PLAINTIFFS' MOTION FOR LEAVE TO FILE THE THIRD AMENDED COMPLAINT**

Pursuant to Rules 15(a) and 21 of the Federal Rules of Civil Procedure and Local Rule 7.3, Plaintiffs Deutsche Bank Trust Company Americas, in its capacity as successor indenture trustee for a certain series of Senior Notes ("DBTCA"), Law Debenture Trust Company of New York, in its capacity as successor indenture trustee for a certain series of Senior Notes ("Law Debenture"), and Wilmington Trust Company, in its capacity as successor indenture trustee for the PHONES Notes ("Wilmington Trust" and, together with DBTCA and Law Debenture, the "Plaintiffs"), by and through their undersigned counsel, respectfully move this Court for leave to file a third amended complaint (the "Third Amended Complaint").[1]

---

[1] A copy of Plaintiffs' proposed Third Amended Complaint, with an amended Exhibit A redacted, is attached hereto.  Upon resolution of this motion, and pursuant to the order issued by this Court on October 24, 2011 regarding sealing procedures [Docket No. 61], Plaintiffs will serve defendants with a version of the amended Exhibit A that discloses the information pertaining to only the defendant served, and will file an unredacted version of the amended Exhibit A under seal.

Pursuant to Local Rule 7.3, on December 16, 2011, counsel for Plaintiffs contacted the defendants who have appeared in this action, or, where applicable, their counsel, to request that such defendants consent to Plaintiffs' filing of the Third Amended Complaint.  Three consents and no objections have been received.

Dated:  December 19, 2011

Respectfully submitted,

/s/ Richard S. Wayne
Richard S. Wayne Ohio Bar #0022390

OF COUNSEL:

Daniel H. Golden
David M. Zensky
Stephen M. Baldini
Mitchell Hurley
Deborah J. Newman
AKIN GUMP STRAUSS HAUER
    & FELD LLP
One Bryant Park
New York, NY  10036
Telephone: (212) 872-1000
Facsimile: (212) 872-1002

/s/ Charles C. Ashdown
Charles C. Ashdown Ohio Bar #0037269
/s/ Nicolas D. Wayne
Nicolas D. Wayne Ohio Bar #0083690
STRAUSS & TROY
150 East Fourth Street
Cincinnati, OH  45202-4018
(513) 621-2120 – Telephone
(513) 241-8259 – Facsimile
E-mail:  *rswayne@strausstroy.com*
E-mail:  *ccashdown@strausstroy.com*
E-mail:  *ndwayne@strausstroy.com*

*Counsel for Plaintiffs, Deutsche Bank Trust*
*Company Americas, et al.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

_____

DEUTSCHE BANK  TRUST COMPANY
AMERICAS,
    in its capacity as successor indenture trustee
for certain series of Senior Notes, *et al*.,

                        Plaintiffs,
    vs.

AMERICAN ELECTRIC POWER, *et al*.,

                        Defendants.

_____

Civil Action No. 1:11-cv-358
(Judge Beckwith)
(Magistrate Judge Bowman)

**MEMORANDUM IN SUPPORT OF PLAINTIFFS'**
**<u>MOTION FOR LEAVE TO FILE THE THIRD AMENDED COMPLAINT</u>**

Pursuant to Rules 15(a) and 21 of the Federal Rules of Civil Procedure, and Local Rule

7.3, Plaintiffs Deutsche Bank Trust Company Americas, in its capacity as successor indenture

trustee for a certain series of Senior Notes ("DBTCA"), Law Debenture Trust Company of New

York, in its capacity as successor indenture trustee for a certain series of Senior Notes ("Law

Debenture"), and Wilmington Trust Company, in its capacity as successor indenture trustee for

the PHONES Notes ("Wilmington Trust" and, together with DBTCA and Law Debenture,

"Plaintiffs"), by and through their undersigned counsel, respectfully move this Court for leave to

file a third amended complaint (the "Third Amended Complaint"), solely for the purpose of adding

new defendants and making minor modifications to the way in which certain defendants are

identified in Exhibit A.[1]

---

[1] A copy of Plaintiffs' proposed Third Amended Complaint, with an amended Exhibit A redacted, is
attached to Plaintiffs' Motion For Leave To File The Third Amended Complaint.  Upon resolution of this motion,

## PRELIMINARY STATEMENT

In this action, Plaintiffs seek to avoid and recover, under state law constructive fraudulent conveyance statutes, all transfers of proceeds received by former Tribune shareholders and other transferees in connection with the LBO, which precipitated the company's downward spiral into bankruptcy. Second Am. Compl. ¶¶ 1–2. After obtaining relief from the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") on April 25, 2011 that enabled Plaintiffs to file this action, Plaintiffs worked expeditiously and diligently to discover the identity of the thousands of shareholders and other transferees who received funds from Tribune in connection with the LBO, in advance of June 4, 2011—the date on which the statute of limitations for certain of Plaintiffs' claims arguably was set to expire. Plaintiffs' investigation in this regard is ongoing, as are Plaintiffs' efforts to ensure that the current defendants to this action have been appropriately named and identified.

On September 27, 2011, Plaintiffs filed a motion for leave (the "Initial Motion for Leave") to file a second amended complaint (the "Second Amended Complaint"), which, as here, primarily sought to add defendants and make minor modifications to the way in which existing defendants were identified.[2] Since filing the Initial Motion for Leave, Plaintiffs have obtained information showing that certain additional defendants should be added to the action and that information regarding other defendants, such as the manner in which they are identified in the caption or listed on Exhibit A to the Second Amended Complaint, should be modified. Accordingly, Plaintiffs' seek leave to file the Third Amended Complaint, which would implement such additions and modifications.

---

and pursuant to the order issued by this Court on October 24, 2011 regarding sealing procedures [Docket No. 61], Plaintiffs will serve defendants with a version of the amended Exhibit A that discloses the information pertaining to only the defendant served, and will file an unredacted version of the amended Exhibit A under seal.

[2] This Court granted the Initial Motion for Leave on October 24, 2011.  [Docket No. 61].

Plaintiffs' motion should be granted.  Motions for leave to amend a complaint or to add parties should be "liberally granted," and "denied only where the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would have been futile."  *Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006).  None of these factors are present here.   Rather, Plaintiffs seek to amend the complaint at the infancy of this case—prior to the conduct of any discovery and before the filing of any answers or substantive motion practice.  Moreover, Plaintiffs' request to amend is based on their continuing efforts to properly identify each defendant, to ensure that information regarding each defendant is correct and appropriately stated, and to add new defendants discovered since the Initial Motion for Leave was filed.  No new claims or legal theories are alleged.

## RELEVANT BACKGROUND

Plaintiffs DBTCA and Law Debenture are the successor indenture trustees for certain series of Senior Notes issued by Tribune, and Plaintiff Wilmington Trust is the successor indenture trustee for the PHONES Notes issued by Tribune (each as defined in the First Amended Complaint).  On June 2 and 3, 2011, Plaintiffs, acting in their capacities as successor indenture trustees and pursuant to their fiduciary duties thereunder, commenced 50 substantially similar actions, including the instant action (collectively, the "Avoidance Actions"), in courts located in 22 states.[3]   Plaintiffs filed the first amended complaint (the "First Amended Complaint") as a matter of course pursuant to Rule 15 of the Federal Rules of Civil Procedure on August 22, 2011.[4]  On September 27, 2011, Plaintiffs filed the Initial Motion for Leave, which

---

[3] In several jurisdictions Plaintiffs were required to commence multiple actions, each naming different defendants, because of actual, potential, arguable or claimed ethical and/or business conflicts of interest involving Plaintiffs' counsel (and in certain instances Plaintiffs' local counsel) and certain defendants.

[4] The First Amended Complaint made various jurisdictional and venue-related amendments, a small number of additions to or clarifications of the facts relating to Plaintiffs' claims, and corrections to minor typographical errors.

sought leave to file the Second Amended Complaint.[5]  This Court granted Plaintiffs' motion on October 24, 2011, and the Second Amended Complaint is the currently-operative complaint in this action.

Each Avoidance Action alleges constructive fraudulent conveyance claims arising under state law.  The Avoidance Actions seek to claw back from approximately 35,000 former shareholders of Tribune and other transferees billions of dollars that were fraudulently conveyed in connection with the disastrous 2007 LBO that rendered the company insolvent, without adequate capital, and without the ability to pay its debts as they came due.  Second Am. Compl. ¶¶ 1–12.

Since filing the Initial Motion for Leave, Plaintiffs have continued to receive new information from the Committee regarding appropriate defendants to the Avoidance Actions, and have pursued such information from other sources as well, including by retaining private investigators and conducting their own inquiries using publicly available commercial databases. Plaintiffs also continue to review and synthesize the voluminous information they received from the Committee prior to initiating this action.  Additionally, Plaintiffs are engaged in ongoing discussions with certain defendants regarding the amount of Shareholder Transfers they received and whether they are appropriately named and identified in this action.  These efforts have revealed that certain defendants should be added to the action and that certain information regarding existing defendants should be updated.[6]

---

[5] The Second Amended Complaint did not contain any substantive changes or allege any new legal theories, but merely implemented changes designed to add new defendants, modify the names and information of existing defendants, correct various typographical and formatting errors, and conform the language in Paragraphs 151 and 152 of Count Seven of the currently operative complaint to the text of MASS. GEN. LAWS ch. 109A, §§ 6(a), 8, & 9.

[6] On August 17, 2011, Plaintiffs filed a motion to transfer before the Judicial Panel on Multidistrict Litigation.  *See* Notice of MDL Transfer Motion [Docket No. 33].  A hearing before the panel was held on December 1, 2011, and Plaintiffs expect a ruling on the motion to transfer before the end of the year.

Accordingly, on December 16, 2011, pursuant to Federal Rule of Civil Procedure 15(a)(2) and Local Rule 7.3, counsel for Plaintiffs contacted each defendant who has appeared in this action or, where applicable, their counsel, to request such defendants' consent to Plaintiffs' filing of the Third Amended Complaint, which is designed to make these additions and corrections.  Three consents and no objections have been received.

## ARGUMENT

Plaintiffs should be permitted to file the Third Amended Complaint, which is designed only to add new defendants and make minor modifications to the way in which certain defendants are identified in Exhibit A.  Plaintiffs do not seek to add new claims or new legal theories of liability.

Pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, a party wishing to amend a complaint other than as a matter of course under Rule 15(a)(1) must obtain the consent of the opposing party or leave of the court.  Leave of court should be "freely give[n] when justice so requires."  Fed. R. Civ. P. 15(a)(2); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962) (instructing lower courts to heed Rule 15(a)(2)'s mandate to freely grant leave to amend in the interest of justice).  Courts have interpreted this mandate to hold that motions to amend a complaint "should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would have been futile."  *Laber*, 438 F.3d at 426; *Edell & Assocs. P.C. v. Law Offices of Angelos,* 264 F.3d 424, 446 (4th Cir. 2001) (same); *see also Island Creek Coal Co. v. Lake Shore, Inc.*, 832 F.2d 274, 279 (4th Cir. 1987) (noting that prejudice, bad faith, or futility are the only factors that "truly relate to protection of the judicial system or other litigants" and should be the court's focus in exercising its discretion on a request for leave to amend).

Federal Rule of Civil Procedure 21 provides, in relevant part, that "on motion, or on its own, the court may at any time, on just terms, add or drop a party."  Courts apply the same liberal standard applicable to Rule 15 when considering a motion to add a party under Rule 21. *See Wiggins v. Dist. Cablevision, Inc.*, 853 F. Supp. 484, 499 n.29 (D.D.C. 1994) (noting that "it is well established that after a responsive pleading has been served, the standards for adding parties are the same whether the motion is made under Rule 15 or Rule 21."); *Oneida Indian Nation v. County of Oneida*, 199 F.R.D. 61, 72 (N.D.N.Y. 2000) (same).  In deciding whether to allow the addition of parties under Rule 21, courts consider "basic principles such as fundamental fairness and judicial economy, whether an order under [Rule 21] would prejudice any party or would result in undue delay, and the threats of duplicitous litigation and inconsistent jury verdicts." *John S. Clark Co., Inc. v. Travelers Indem. Co. of Ill.*, 359 F. Supp. 2d 429, 440 (M.D.N.C. 2004).  Amendments that seek to add parties are generally permitted, and courts regularly grant motions to amend complaints to add newly discovered defendants. *See Rissman v. City of New York*, No. 01 Civ. 6284 (SHS) (DF), 2001 WL 1398655, at *1 (S.D.N.Y. Nov. 9, 2001) (granting motion seeking leave to amend under Rules 15 and 21 where Plaintiff had already amended once as a matter of course under Rule 15(a)(1) and holding that "[u]nder Rule 21, a party may be added to an action at any stage of the action and on such terms as are just") (citation omitted); *Tao of Sys. Integration, Inc. v. Analytical Servs. & Materials, Inc.*, 299 F. Supp. 2d 565, 571 (E.D. Va. 2004) (granting motion to amend the complaint to add parties where the claims asserted against those new parties were not clearly frivolous or patently defective); *Project Release v. Prevost*, 463 F. Supp. 1033, 1037 (E.D.N.Y. 1978) (granting a request to add a party defendant so as to assure plaintiffs complete relief should they prevail on the merits in the action).

6

There is no basis on which to deny Plaintiffs' motion for leave to file the Third Amended Complaint.  Motions for leave to add defendants and make other minor amendments to the complaint, as this motion seeks to do, are appropriate and justified.  Given the stage of these proceedings, there simply is no possibility that the amendment would prejudice the current or newly added defendants, Plaintiffs have not acted in bad faith, and the amendments are not futile. "A prejudicial amendment is one that raises a new legal theory that would require the gathering and analysis of facts not already considered by the defendant, and is offered shortly before or during trial." *Laber*, 438 F.3d at 427 (citations omitted).  The Third Amended Complaint does not raise any "new legal theories" requiring the "gathering and analysis" of new facts, nor is the amendment being offered "shortly before or during trial."  To the contrary, this case is in its infancy.  No initial disclosures have been filed, the Rule 26 discovery conference has not yet occurred, and no discovery has been taken.

Nor can it be argued that Plaintiffs are acting in bad faith by seeking leave to file the Third Amended Complaint.  "When determining whether bad faith is present, the court typically will take into account the movant's delay in seeking the amendment." *Shinn v. Greeness*, 218 F.R.D. 478, 486 (M.D.N.C. 2003) (citation omitted).  Here, Plaintiffs have worked expeditiously to gather information regarding natural persons and juridical entities who owned stock that was redeemed by Tribune in connection with the LBO, or received proceeds, directly or indirectly, from Tribune in connection with the LBO, and to synthesize that information in a manner that allows Plaintiffs to appropriately name and identify the defendants to this action in a timely manner.  The amendments set forth in the Third Amended Complaint are the results of these good faith efforts.

Finally, the proposed amendments embodied in the Third Amended Complaint are not futile. An amendment "should only be denied on the ground of futility when the proposed amendment is clearly insufficient or frivolous on its face." *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 510 (4th Cir. 1986); *see also Crago v. Capital Advantage Fin. and Dev., Inc.*, 242 F.R.D. 341, 342 (D.S.C. 2007) (same). An amendment that adds parties is futile only when there is no basis in the federal rules to hold the party to be added liable. *See, e.g.*, *Stripling v. Jordan Prod. Co., LLC*, 234 F.3d 863, 873 (5th Cir. 2000) ("[W]e join our sister circuits that have interpreted [futility] to mean that the amended complaint would fail to state a claim upon which relief could be granted."); *Dougherty v. Town of North Hempstead Bd. of Zoning Appeals*, 282 F.3d 83, 88 (2d Cir. 2002) ("An amendment to a pleading will be futile if a proposed claim could not withstand a motion to dismiss pursuant to Rule 12(b)(6)."); *Morrow v. South*, 540 F. Supp. 1104, 1113 (S.D. Ohio 1982) (noting same). Here, no issue of futility could possibly arise, as Plaintiffs are not adding any new claims or legal theories of liability. Rather, Plaintiffs' proposed amendments are designed to ensure that the information set forth in the complaint with respect to each defendant is correct, and that all defendants against whom Plaintiffs have viable causes of action are included, named and identified appropriately. None of these proposed amendments is "clearly insufficient or frivolous on its face." *Johnson*, 785 F.2d at 510.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court grant their Motion for leave to file the Third Amended Complaint.

8

Dated:  December 19, 2011

OF COUNSEL:

Daniel H. Golden
David M. Zensky
Stephen M. Baldini
Mitchell Hurley
Deborah J. Newman
AKIN GUMP STRAUSS HAUER
& FELD LLP
One Bryant Park
New York, NY  10036
Telephone: (212) 872-1000
Facsimile: (212) 872-1002

Respectfully submitted,

/s/ Richard S. Wayne
Richard S. Wayne Ohio Bar #0022390

/s/ Charles C. Ashdown
Charles C. Ashdown Ohio Bar #0037269
/s/ Nicolas D. Wayne
Nicolas D. Wayne Ohio Bar #0083690
STRAUSS & TROY
150 East Fourth Street
Cincinnati, OH  45202-4018
(513) 621-2120 – Telephone
(513) 241-8259 – Facsimile
E-mail:  *rswayne@strausstroy.com*
E-mail:  *ccashdown@strausstroy.com*
E-mail:  *ndwayne@strausstroy.com*

*Counsel for Plaintiffs, Deutsche Bank Trust
Company Americas, et al.*

9

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on December 19, 2011, I will electronically file the foregoing with the Clerk of the Court using the CM/ECF system, which will then send a notification of such filing (NEF) to all counsel of record who have appeared in this case.  And I hereby certify that in the case of defendants for whom counsel has not yet appeared, a copy of the foregoing will be sent via Federal Express to the defendants at their last known address.

Dated:  December 19, 2011                    Respectfully submitted,


                                             /s/ Charles C. Ashdown
                                             Charles C. Ashdown Ohio Bar #0037269